IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 01-CR-40009-MJR |
| IVAN J. WALTON, | ) ) ) |
| Defendant. | ) |

## SHOW CAUSE ORDER

**REAGAN, District Judge:**

In May 2001, Ivan Walton pled guilty to conspiring to distribute cocaine base (in the form commonly referred to as "crack cocaine") and two additional charges of distributing cocaine base, in violation of 21 U.S.C. §§ 841 and 846. In August 2001, the Honorable James L. Foreman sentenced Walton to 188 months in prison as to each count, with the sentences to be served concurrently, followed by a 4-year term of supervised release. In June 2009, Walton, *pro se*, filed a motion to reduce sentence under 18 U.S.C. 3582(c)(2), based on Amendment 706 to the U.S. Sentencing Guidelines (Doc. 61). In the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007), Section 3582(c)(2) is the mechanism used to reduced the offense levels applicable to certain crack cocaine offenses).

The undersigned Judge entered an Order advising Walton how his motion would be handled, including the fact that (via Administrative Order 102)

the Federal Public Defender's Office would represent Walton on this motion.

On March 29, 2011, Assistant Federal Public Defender ("FPD") Daniel G. Cronin moved to withdraw from representing Defendant Walton herein (see Doc. 65). According to the motion, Mr. Cronin and the FPD's Office have determined that Walton has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the crack cocaine sentencing guidelines.

This conclusion stems from the fact that when Walton was sentenced, he was found to be a career offender, and career offenders are not eligible for any sentence reduction under Amendment 706, as the United States Court of Appeals for the Seventh Circuit squarely held in *United States v. Forman*, 553 F.3d 585, 588-90 (7th Cir. 2009). So, attorney Cronin (and the FPD's Office) can find no non-frivolous ground on which to pursue a sentence reduction on Walton's behalf.

The Court now **DIRECTS** Defendant Walton – **by April 15, 2011** – to file in this Court a response **SHOWING CAUSE** (that is, a valid reason) why the undersigned Judge should not grant the motion to withdraw (Doc. 65) *and* deny Walton's motion to reduce sentence (Doc. 61). The Court will permit Walton to file the response *pro se*.

The last document sent to Walton was returned as undeliverable, and the motion filed attorney Cronin did not reflect an address for Walton. The

Clerk of Court shall immediately mail a copy of this Order to Walton's last address of record and to attorney Cronin.

IT IS SO ORDERED.

DATED: March 31, 2011

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge